UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AUGUST MARSALA,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>Defendants. | No. 2:19-cv-0513 KJM CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. He seeks injunctive relief. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

When plaintiff filed his complaint, he was housed at Mule Creek State Prison in protective custody. Plaintiff alleges he was housed in protective custody because he had been identified as a "rapist." Plaintiff indicated that the California Department of Corrections and Rehabilitation (CDCR) was implementing a plan to move certain protective custody inmates, such as plaintiff, to

prisons with "yards that are rich in 'Rehabilitative' programs called fifty-fifty yards." While it is not clear, the court assumes that in such yards inmates previously identified as protective custody inmates would be housed with non-protective custody inmates. Essentially, plaintiff sought an order enjoining his transfer to a facility where he would not be housed in protective custody.

There are two problems with plaintiff's claims. First, his assertions as to why he will be in danger at a "fifty-fifty" yard are too general. In his complaint, plaintiff does not point to specific facts which suggest that if he is transferred to such a yard he would be subjected to cruel and unusual punishment in violation of the Eighth Amendment by being exposed to a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 828 (1994).

The second problem is that the court generally does not have the authority to order CDCR where to house prisoners. See Meachum v. Fano, 427 U.S. 215, 224 (1976). Put another way, while the court can order that a plaintiff's housing conform to the requirements of the Eighth Amendment, the court generally cannot tell CDCR at which specific prison an inmate must be housed.

For these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint. The court notes that it appears from subsequent filings that plaintiff has been transferred away from Mule Creek. ECF No. 10. In an amended complaint, plaintiff might state a claim for injunctive relief by demonstrating that he is being exposed to a substantial risk of serious harm at his current place of incarceration. Again, plaintiff's allegations must be specific in order to state a claim. Plaintiff is informed that a protective custody inmate simply coming into contact with a non-protective custody inmate does not, per se, amount to a substantial risk of serious harm. If plaintiff attempts to state a claim for injunctive relief, plaintiff should identify the form of relief sought, keeping in mind the general limitation on the court's authority to order CDCR to transfer plaintiff to a different facility. Plaintiff might be able to state a claim for damages under 42 U.S.C. § 1983 if he can point to facts demonstrating he has suffered injury as a result of a defendant's deliberate indifference to a substantial risk of serious harm. Farmer, 511 U.S. at 828. With respect to claims for damages, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983

unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading or other material in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff has filed motions seeking preliminary injunctive relief (ECF Nos. 3, 13, 16). In light of the foregoing, these motions are moot. To the extent plaintiff seeks orders for return of legal property, law library access, writing materials, etc., plaintiff is free to seek court intervention if he is unable to draft and submit an amended complaint. To the extent temporary conditions prevent plaintiff from submitting an amended complaint within 30 days, plaintiff is free to seek an extension of time within which to file his amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an
/////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

     5.  Plaintiff's motions for preliminary injunctive relief (ECF No. 3, 13, 16) are denied as moot.

Dated:  July 17, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mars0513.14