UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AUGUST MARSALA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0513 KJM CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. §1983. On July 27, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found plaintiff's complaint did not state a claim upon which relief could be granted, gave plaintiff leave to amend, and provided plaintiff with instructions and guidance as to the contents of his amended complaint. Plaintiff has now filed an amended complaint.

As plaintiff now knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."

/////

The body of plaintiff's amended complaint is 17 pages, mostly single spaced. Plaintiff identifies 15 defendants, and the allegations span numerous events occurring over at least a year. Much of the information included in the amended complaint is vague, confusing, not relevant to stating a claim upon which relief can be granted, and / or unnecessary background information. With respect to some of the defendants, plaintiff fails to make any allegations suggesting personal participation in any of the deprivations alleged. Liability in a 42 U.S.C. §1983 case "arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

As plaintiff's amended complaint is not "short and plain," it must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, the complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. To that end, the second amended complaint may not exceed 20 pages double spaced with normal type and font. The allegations must be clear and concise. Unnecessary background information and any other information not relevant to stating a claim upon which relief can be granted shall be omitted.

Also, plaintiff may bring as many claims as he likes against a particular defendant in his second amended complaint. Fed. R. Civ. P. 18(a). But, claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant. Fed R. Civ. P. 20(a)(2). Vague allegations concerning conspiracy do not satisfy court rules regarding joinder of claims.

As to the specific contents of his second amended complaint, plaintiff is advised as follows:

1. In order to state a claim upon which relief can be granted in his second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, see Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), alleging in specific terms how each named defendant is involved. Also, in order to avoid dismissal for failure to state a claim must have facial plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

2. Plaintiff is advised that under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

3. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

4. Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.

5. In order to state a claim under the Eighth Amendment with respect to conditions of confinement, plaintiff must point to facts demonstrating he suffered injury as a result of a prison official's deliberate indifference to a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 828 (1994).

6. In order to state a cognizable claim for violation of due process a plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. With respect to prisoners, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

7. The law with respect to an inmate's right to access to courts was discussed in detail by the United States Supreme Court in Lewis v. Casey, 518 U.S. 343 (1996). Most importantly in Lewis, the court held that for a prisoner to be successful on a denial of access to courts claim, he must show not only denial of access, but also injury resulting from the denial of access. Id.

8. Plaintiff is informed that before he may proceed on a claim arising under California law in this court he must comply with the terms of the California Tort Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

9. Any challenge to prisoner disciplinary proceedings which resulted in the revocation of good conduct sentence credit must be brought in a petition for writ of habeas corpus and not a 42 U.S.C. § 1983 action unless the revoked sentence credit has been restored. See Edwards v. Balisok, 520 U.S. 641, 646-47 (1996).

10. Plaintiff cannot proceed on a §1983 claim for damages if the claim implies the invalidity of the length of his sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the other pleadings no longer serve any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 27) is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint which materially complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint which materially complies with this order will result in a recommendation that this action be dismissed for failure to follow court orders under Rule 41(b) of the Federal Rules of Civil Procedure..

Dated: April 2, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mars513.14(2)