UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AUGUST MARSALA,<br><br>           Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>           Defendants. | No. 2:19-cv-00513-DAD-CKD<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S FEBRUARY 3, 2022 ORDER DENYING PLAINTIFF'S REQUEST THAT DEFENDANTS PRODUCE DOCUMENTATION<br><br>(Doc. No. 84) |

Plaintiff Joseph August Marsala is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 3, 2022, the assigned magistrate judge denied plaintiff's motion for an order directing defendants to produce a record of plaintiff's legal correspondence with the court, specifically a record listing the dates when legal mail was received. (Doc. No. 81.) The magistrate judge denied the motion, finding that plaintiff had not shown good cause for the issuance of an order requiring defendants to produce the requested document. (*Id.* at 1.)

/////

/////

1

On February 17, 2022, plaintiff filed a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling" in which plaintiff seeks reconsideration of the February 3, 2022 discovery ruling. (Doc. No. 84.) The standard of review for "all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)). Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Having reviewed the record in this case, the undersigned does not find that the magistrate judge's February 3, 2022 order to be either erroneous or contrary to law. Plaintiff's request for reconsideration does not expand on his inadequate showing of good cause as presented in his original motion, nor does it explain how the magistrate judge's conclusion was erroneous or contrary to law. Despite plaintiff's claim that he suffered delays in receiving court filings or legal correspondence, he has not pointed to any court established deadlines that he has not been able to meet as a result of those claimed delays, and the docket in this case reflects that the magistrate judge has granted several of plaintiff's requests for extensions of time when they were needed. (*See* Doc. Nos. 26, 37, 39, 43, 54, 60, 71); *see also Eldridge v. Block*, 832 F.2d 1132, 1136 (9th

Cir. 1987) ("'[S]trict time limits . . . ought not to be insisted upon' where restraints resulting from a *pro se* prisoner plaintiff's incarceration prevent timely compliance with court deadlines.") (quoting *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir.1967)).  Having reviewed plaintiff's original motion, it appears that plaintiff's document request was made, in part, due to this court's perceived delay in responding to plaintiff's previous filings, and because of plaintiff's concern that he was not receiving this court's orders.  (*See* Doc. No. 77 at 1.)  The court advises plaintiff that it is not unusual that a litigant may need to work on new requests or responses required by the court before older requests are resolved.  Finally, although the magistrate judge did not provide any elaboration in her order, it was neither erroneous nor contrary to law to deny plaintiff's motion requesting that defendants be ordered to produce records documenting the dates of his legal correspondence with the court in this action.

Accordingly, plaintiff's request for reconsideration (Doc. No. 84) is denied.

IT IS SO ORDERED.

Dated:   **October 31, 2022**

_____
UNITED STATES DISTRICT JUDGE