UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AUGUST MARSALA,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 2:19-cv-00513-DAD-CKD<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. Nos. 66, 78) |

Plaintiff Joseph August Marsala is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

On September 24, 2021, the assigned magistrate judge screened plaintiff's second amended complaint (SAC) and issued findings and recommendations finding that plaintiff had stated a cognizable claim against defendant A.P. Hernandez for use of excessive force in violation of the Eighth Amendment, but that in all other respects, plaintiff's SAC either failed to state a claim upon which relief can be granted or included "improperly joined claims in violation of Rule

/////

---

[1] This action was reassigned to the undersigned on August 25, 2022. (Doc. No. 85.)

1

20 of the Federal Rules of Civil Procedure."[2] (Doc. No. 66 at 1–2.) The magistrate judge also found that granting plaintiff further leave to amend the SAC would be futile considering plaintiff's failure to follow the ample guidance provided by the court in its prior screening order. (*Id.* at 2.) Indeed, in the screening order issued on April 2, 2020, the court granted plaintiff leave to amend and advised plaintiff of the applicable legal standards for the claims he was attempting to state. (Doc. No. 31 at 2–4.) Plaintiff was also warned that his failure to file an SAC that "materially complies" with the court's April 2, 2020 screening order would result in a recommendation that this action be dismissed due to his failure to comply with court orders. (*Id.* at 5.)

Accordingly, the pending findings and recommendations recommend that all of plaintiff's claims be dismissed, except for his claim against defendant A.P. Hernandez for use of excessive force in violation of the Eighth Amendment, and that all other named defendants be dismissed from this action.[3] (Doc. No. 66 at 4.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 4.) After the magistrate judge granted plaintiff's request for an extension of time to file objections to the pending findings and recommendations, plaintiff timely filed two separate sets of objections on October 14, 2021 and November 12, 2021, respectively. (Doc. Nos. 71, 72, 75.)

In his first set of objections, plaintiff argues that his cognizable Eighth Amendment claim is related to his First Amendment retaliation claim against defendants Sgt. Feltner, Mr. Gyles, Mr.

/////

---

[2] It appears that the magistrate judge's reference to Rule 20 and "improperly joined claims" is a typographical error because Rule 20 concerns the permissive joinder of parties. *See* Fed. R. Civ. P. 20. As the magistrate judge correctly explained to plaintiff in the last screening order issued on April 2, 2020, "plaintiff may bring as many claims as he likes against a particular defendant in his second amended complaint . . . [but] claims brought against other defendants must arise 'out of the same transaction, occurrence, or series of transactions or occurrences' as a claim against the first defendant." (Doc. No. 31 at 2) (quoting Fed. R. Civ. P. 20(a)(2)).

[3] Although the docket only lists two other named defendants aside from defendant A.P. Hernandez, it is clear from plaintiff's SAC that he names a total of sixteen (16) defendants. (Doc. No. 63 at 3–4.) Thus, the court will direct the Clerk of the Court to update the docket.

J. Dowdy, Sgt. G. Valencia, Mr. Deo, Mr. K. Costa, and possibly other defendants,[4] because the use of force was allegedly one instance in a "campaign to retaliate" against him, and, thus, plaintiff argues that the magistrate judge incorrectly applied the "'joining' rule." (Doc. No. 72 at 4.) Plaintiff further contends that he adequately stated his retaliation claim defendants Sgt. Feltner, Mr. Gyles, Mr. J. Dowdy, Sgt. G. Valencia, Mr. Deo, and Mr. K. Costa, because his allegations were made chronologically. (*Id.* at 1–2.) In his second set of objections, plaintiff reiterates that his claims are part of a "Campaign/Conspiracy to Retaliate" so all of his claims arise out of the same transaction, occurrence, or series of transactions. (Doc. No. 75 at 1.) Plaintiff also argues that the court did not make clear why his joinder of claims was improper. (*Id.* at 2.)

As an initial matter, plaintiff's objections fail to address the magistrate judge's finding that plaintiff, aside from the claim asserted against defendant A.P. Hernandez, failed to state any cognizable claim against the remaining fifteen (15) named defendants. Moreover, merely assembling allegations in a chronological order is insufficient to justify joining all of the named defendants into one action and is insufficient to cure plaintiff's failure to state a cognizable retaliation and/or conspiracy claim where the substance of his allegations nonetheless fall short. The undersigned has reviewed plaintiff's SAC and likewise finds that his vague allegations against the other named defendants do not appear related to his allegations against defendant A.P. Hernandez regarding an alleged use of excessive force, nor do those allegations suffice to state a cognizable claim against any of the other named defendants. Importantly, the SAC does not even contain allegations, or assert claims, against all of the other fifteen (15) named defendants. Therefore, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

---

[4] It is not clear from reviewing plaintiff's SAC precisely which defendants' plaintiff is asserting his First Amendment retaliation claim against. (*See* Doc. No. 63 at 9–12.) Nor does plaintiff clarify in his objections against which defendants he contends his retaliation claims was adequately stated. (*See* Doc. Nos. 72, 75.)

objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on September 24, 2021 (Doc. No. 66) are adopted in full;

2. This action shall proceed on plaintiff's claim against defendant A.P. Hernandez for use of excessive force in violation of the Eighth Amendment of the U.S. Constitution;

3. All other claims and named defendants are dismissed;

4. Plaintiff's motion requesting a ruling on the findings and recommendations issued on September 24, 2021 (Doc. No. 78) is denied as having been rendered moot by this order;

5. The Clerk of the Court is directed to update the docket by adding the following named defendants, as alleged in plaintiff's SAC: Kathleen Allison; Mr. Feltner; Mr. Gyles; Mrs. Gyles; G. Valencia; J. Dowdy; Mr. Louisville; Mr. Bell; Mr. Deo; K. Costa; Mr. Peters; Mrs. Goodrich; and Mr. Stacey;

6. The Clerk of the Court is directed to update the docket by terminating the following named defendants pursuant to this order: Ralph Diaz; Kathleen Allison; Joseph Lizzaraga; Mr. Feltner; Mr. Gyles; Mrs. Gyles; G. Valencia; J. Dowdy; Mr. Louisville; Mr. Bell; Mr. Deo; K. Costa; Mr. Peters; Mrs. Goodrich; and Mr. Stacey; and

7. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **October 31, 2022**

UNITED STATES DISTRICT JUDGE